FEDERAL PRINTING CO. v. GARRICK PRESS.

(Supreme Court, Appellate Term.   June 28, 1906.)

ACCORD AND SATISFACTION.

There was no accord and satisfaction where plaintiff having done work for defendants, and returned to them a check for less than the amount claimed therefor, which they had sent plaintiff, and which had written on it "Account in full to date," its attorney called on them saying that he had come to effect a settlement, whereupon they handed him the same check, saying that it belonged to plaintiff, and he took it away with him, together with the voucher on which was written, "Corrections on this voucher not recognized, if not acceptable, return check," but on the same day wrote them that he had forwarded the check to plaintiff, with instructions to credit defendant's account therewith, and that he awaited plaintiff's further advice about proceeding to collect the balance.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Accord and Satisfaction, §§ 75–83, 88–91.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Federal Printing Company against the Garrick Press. From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Thomas H. McKee, for appellant.
Fallows, Judd, Goode & Miller, for respondent.

PER CURIAM.   The action is for a balance due for work and materials.   The defense is an accord and satisfaction.   The court found for plaintiff.   Defendant appeals.   The original answer fixes the date of the accord the 16th of June, 1905, but it was amended at the trial, and the date changed to October 3, 1905.   The facts are substantially as follows, viz.:   Prior to June 16, 1905, plaintiff did work, for which it claimed $1,710.27.   On June 16th, after some dispute between the parties, defendant sent to plaintiff a check for $1,028.27.   Written in ink upon the face of the check was the following, "Account in full to date."   Attached to the check, and forwarded with it, was a voucher to be receipted by the plaintiff and returned by it to defendant.   Upon this voucher appeared the words, "Corrections on this voucher not recognized; if not acceptable, return check."   On June 21st the

plaintiff wrote defendant, returning the voucher. Thereafter, and on the same day, defendant wrote to plaintiff:

"We sent you this remittance to cover everything up to date on which it was sent you. We return herewith bills and voucher, and would request that you either return the check, or receipt and return the inclosed voucher at once."

Plaintiff, however, had the check certified on said 21st of June, and retained it about two weeks, during which time, of course, the money was held by defendant's bank subject to said check. Plaintiff then returned the certified check by its representative Smith to defendant. On that occasion defendant's treasurer, Beggs, stated to plaintiff's representative that it was all defendant could pay, and that defendant was paying according to the plaintiff's estimate and defendant's order. Smith replied that plaintiff could not accept it, and left the check lying on the desk of said Beggs. The latter then said to Smith: "I will keep it until you send for it; it belongs to you." The check remained in defendant's possession until October 3, 1905, when a representative of plaintiff's attorney, Mr. Kingsbury, called upon Beggs, and said to Beggs he had come to effect a settlement. Beggs replied, "I have a check here belonging to the company [plaintiff]," and he handed this certified check to the said representative, who took it away with him. Beggs claims he also gave said representative the voucher, but this is denied. Nevertheless plaintiff produced the voucher at the trial, which would seem to corroborate Beggs. On the came day the plaintiff's attorney wrote to defendant as follows:

"I beg to acknowledge receipt of your certified check for $1,028.27, payable to the order of the Federal Printing Company. I have forwarded the check to them, with instructions to credit your account with that amount, and await their further advice about proceeding to collect the balance claimed by them."

To this letter defendant made no reply. On October 4, 1905, the plaintiff cashed the check. It does not seem to us that the events of October 3, 1905, upon which defendant must rely, under its amended answer, constituted an accord and satisfaction. The representative who took the check said nothing to indicate that the check was taken in full payment, nor did Beggs state to him that it was so given. The letter of plaintiff's attorney of the same date specifically shows that it was not so taken in full satisfaction, and to this letter defendant made no reply. The numerous authorities cited by the appellant do not apply to the facts presented in the case at bar.

The judgment is affirmed, with costs.